# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS, III,

             **Plaintiff,**

        -vs-                                                               Case No. 06-C-0338

MATTHEW FRANK, and
HSU PERSONNEL,[1]

             **Defendants.**

## DECISION AND ORDER

        Plaintiff Chris J. Jacobs, III, a state prisoner at all times relevant, lodged this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Currently pending are the plaintiff's two petitions for leave to proceed *in forma pauperis* and motion for order. All applications will be addressed herein.

        Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $250.00 for this action.[2] If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when

---

[1] The complaint names "HSU personal" a defendant. (Complaint at 1). However, the plaintiff's averments make clear that he seeks to proceed on claims against the HSU as well as several prison medical officials. Thus, the court will refer to the defendant as "HSU Personnel" unless otherwise notified.

[2] The plaintiff filed his complaint prior to April 9, 2006, when the filing fee for civil actions in the Eastern District of Wisconsin increased to $350.00.

funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[3]

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).[4] Thus, his petition for leave to proceed *in forma pauperis* will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[3] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

[4] While the plaintiff lacks the funds to pay an initial partial filing fee, he submitted $.70 to the Clerk of Court on October 18, 2006. Thus, the plaintiff's remaining balance is $249.30.

2

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

(quoting Conley, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

On March 21, 2002, the plaintiff was transferred to Wisconsin Secure Prison Facility (WSPF) "out of retaliation." (Complaint [Compl.] at 1). Upon his arrival, it acknowledged that the plaintiff had received an "extra food order" but WSPF staff "absolutely refused to honor it." *Id*. Then, on April 26, 2002, the plaintiff blacked out during recreation and fell down and broke his wrist. *Id*. He was denied x-rays because he was told that radiation would harm his brain. *Id*.

By October, 2002, the plaintiff went from weighing 205 pounds to 169 pounds. *Id*. at 2. As a result, "two different doctors" at WSPF ordered that the plaintiff receive nightly snack bags. *Id*. Then, in December, 2002, while incarcerated at WCI, the plaintiff began to receive double portions of food as well as a nightly snack bag. *Id*. His weight subsequently got as high as 235 to 240 pounds. *Id*.

In November, 2003, the plaintiff was moved to Green Bay Correctional Institution. *Id*. Doctors there also ordered that he receive double portions. *Id*. At GBCI, the plaintiff maintained his weight between 191 pounds and 235 pounds. *Id*.

On October 12, 2005, the plaintiff was transferred back to WSPF. *Id*. Upon his arrival, the plaintiff weighed 205 pounds. *Id*. The plaintiff advised prison officials that

4

he needed additional food, but they refused. *Id*. Apparently, Dr. Cox wanted to wait and review x-rays of the plaintiff's back before ordering more food for him. *Id*. at 3.

On January 25, 2006, the plaintiff underwent x-rays for his back. *Id*. Within days, the HSU ordered a second pillow because the x-rays showed back problems. *Id*. Moreover, the plaintiff was diagnosed with "early osteoarthritis from poor deit (sic) of incorrect food." *Id*. However, Dr. Cox and HSU failed to see the plaintiff. *Id*. As a result, his weight dropped to 190 pounds. *Id*. The plaintiff did not go to recreation in order to preserve calories and prevent weight loss. *Id*. The last time the plaintiff weighed less than 190 pounds was in 2002, when WSPF officials refused to follow doctor's orders to give him more food. *Id*. Before that, the plaintiff had not weighed less than 190 pounds since he was 15 or 16 years old. *Id*.

By March 8, 2006, the plaintiff was receiving less than 2000 calories per day. *Id*. The plaintiff asserts that a "DOC dietician ordered weekly weighing but staff will not following (sic)." *Id*. at 4. In addition, HSU has denied the plaintiff's requests for various medical conditions, including, but not limited to, numbness in the shoulders, arms, neck and back, ringing in ears, a foot injury and a broken nose. *Id*. at 5-6.

For relief, the plaintiff seeks medical attention from either the Department of Corrections or from an outside physician and an order prohibiting HSU nurses from influencing any outside physician. *Id*. at 1. In addition, it appears that the plaintiff desires release from custody because he has been falsely imprisoned. *Id*. at 8.

**1.      Eighth Amendment Claims**

5

The plaintiff avers that he has been denied medical treatment for various physical ailments. To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

6

Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42). Accordingly, the plaintiff may proceed on an Eighth Amendment claim.

The plaintiff also contends that HSU failed to follow the advice of other doctors who had ordered that the plaintiff should receive extra food in the form of double portions and nightly snack bags. Assuming that the plaintiff's averments regarding the doctors' orders are true, his allegation that the defendants ignored these orders states an Eighth Amendment claim. *See Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999)(in certain circumstances refusal of an already prescribed course of treatment may rise to the level of deliberate indifference).

**2.      False Imprisonment Claims**

The plaintiff alleges that he has been falsely imprisoned, that there was no probable cause for his arrest and that exculpatory police reports were withheld. As best the court can tell, the plaintiff is asking the court to issue a petition for writ of habeas corpus pursuant to § 2254. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), prisoners may not bring lawsuits under § 1983 that, if successful, would necessarily imply the invalidity of a conviction that has not been overturned. Further, the United States Supreme Court has held

7

that the writ of habeas corpus is the exclusive remedy for prisoners seeking release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). In other words, the plaintiff must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 if he desires release from prison. Accordingly, this claim must be dismissed.

**3.        Personal Involvement**

A final comment is necessary with respect to the defendants in this action. The complaint names HSU as a defendant. However, it appears that the plaintiff makes allegations that various WSPF staff members, Dr. Cox and HSU nurses also violated his constitutional rights. Thus, the plaintiff is advised that if he wishes to amend the complaint to name additional defendants, he shall file such complaint on or before December 10, 2006. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. The plaintiff must file an original and two copies of the amended complaint.

The plaintiff's sole claim against defendant Frank is that the plaintiff sent complaints to Frank and other prison officials. Thus, it is unclear whether Frank was personally involved in any of the alleged constitutional violations presented in the complaint. Notably, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). However courts have been instructed to construe such doubts in the plaintiff's favor when screening a complaint pursuant to § 1915A(a). Thus, the plaintiff may proceed on a claim against defendant Frank.

**3.     Plaintiff's Second Motion for Leave to Proceed *In Forma Pauperis***

On October 18, 2006, the plaintiff filed a second motion for leave to proceed *in forma pauperis*. As discussed, the plaintiff's first motion for leave to proceed *in forma pauperis* has been granted. Thus, the plaintiff's second motion for leave to proceed *in forma pauperis* will be denied as moot.

**4.     Motion for Order**

The plaintiff has filed a "Motion for Court Order," asking that his parents be allowed to buy him food either from the prison canteen or an outside source. Because the plaintiff seeks a court order prohibiting the defendants from doing a specified act or commanding the defendants to undo a wrong, the court construes the plaintiff's motion as a motion for preliminary injunction.

In deciding whether to grant a motion for a preliminary injunction, the court should consider (1) whether the moving party has an adequate remedy at law; (2) whether he will suffer irreparable harm if the preliminary injunction is not issued; (3) whether the irreparable harm he will suffer if the preliminary injunction is not granted outweighs the irreparable harm the defendant will suffer if the injunction is granted; (4) whether he has a reasonable likelihood of prevailing on the merits; and (5) whether the injunction will not harm the public interest. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). The moving party's threshold burden is to establish the first and second factors and to show "some likelihood of success on the merits." *Ping v. National Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989) (emphasis in original); *see also Roth v. Lutheran General Hosp.*, 57

9

F.3d 1446, 1453 (7th Cir. 1995). Once the initial burden is met, the inquiry then becomes a sliding scale analysis of the harm to the parties and the public from the grant or denial of the injunction and the actual likelihood of success on the merits. *Ping*, 870 F.2d at 1371.

"The purpose of a preliminary injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 f.2d 712, 717 (7th Cir. 1988). "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor in order to get the injunction; the less likely he is to win, the more it need weigh in his favor." *Ping*, 870 F.2d at 1371-72 (citation omitted).

For the most part, the plaintiff's motion mirrors the complaint allegation and the relief requested in the complaint. Thus, it appears he has an adequate remedy at law. Further, the plaintiff has not demonstrated a reasonable likelihood of prevailing on the merits. Accordingly, the plaintiff's motion for court order will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 19) is **denied as moot.**

**IT IS ALSO ORDERED** that the plaintiff's motion for order (Doc. # 3) is **denied.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $249.30 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, the plaintiff may send out identical handwritten or

typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**