# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS, III,

        Plaintiff,

    -vs-                                      Case No. 06-C-0338

MATTHEW FRANK and
HSU PERSONNEL,

        Defendants.

## DECISION AND ORDER

Plaintiff, Chris J. Jacobs, III, who is currently incarcerated at Wisconsin Secure Program Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff was granted leave to proceed *in forma pauperis* on November 3, 2006. This matter comes before the court on the defendants' motion to dismiss and on the plaintiff's motion for extension of time.

### I. DEFENDANTS' MOTION TO DISMISS

**A.    Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. *Erickson*

*v. Pardus*, 127 S. Ct. 2197, *8 (U.S. June 4, 2007)(citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (U.S. May 21, 2007)). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, the facts in the complaint are assumed to be true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 504, 508 n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action's elements will not do[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1964. Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level[.]" *Id.*

**B.      Complaint Allegations**

The plaintiff was incarcerated at Wisconsin Secure Program Facility (WSPF), Green Bay Correctional Institution (GBCI) and Waupun Correctional Institution (WCI) at all relevant times. On March 21, 2002, the plaintiff was transferred to WSPF "out of retaliation." (Complaint [Compl.] at 1). Upon his arrival, prison officials acknowledged that the plaintiff had received an "extra food order," but "absolutely refused to honor it." *Id.*

On April 26, 2002, the plaintiff blacked out during recreation, causing him to fall down and break his wrist. According to the plaintiff, he was denied x-rays because he was told that the radiation would harm his brain.

2

By October 2002, the plaintiff's weight had dropped from 205 pounds to 169 pounds. As a result, "two different doctors" at WSPF ordered that he receive nightly snack bags. *Id.* at 2. In December 2002, while he was incarcerated at WCI, the plaintiff began to receive double portions of food in addition to the nightly snack bags. The plaintiff's weight subsequently rose to approximately 235 to 240 pounds.

In November 2003, the plaintiff was transferred to GBCI, where prison doctors ordered that he continue to receive double portions of food. At GBCI, the plaintiff maintained his weight between 191 and 235 pounds.

On October 15, 2005, the plaintiff was returned to WSPF. Upon his arrival at WSPF, the plaintiff weighed 205 pounds. When the plaintiff informed prison officials that he needed extra food, they refused because Dr. Cox wanted to review x-rays of the plaintiff's back before ordering more food for him.

On January 25, 2006, the plaintiff received x-rays on his back. Several days later, HSU Personnel ordered a second pillow for the plaintiff because his x-rays showed back problems. The plaintiff was later was diagnosed with "early osteoarthritis from poor deit (sic) of incorrect food." *Id.* at 3.

Dr. Cox and HSU Personnel then refused to see the plaintiff. As a result, his weight dropped to 190 pounds. In order to preserve calories and prevent additional weight loss, the plaintiff refrained from participating in recreation. According to the plaintiff, the last time his weight sunk as low as 190 pounds was in 2002, when WSPF officials refused

3

to follow doctor's orders to give him more food. Before that, the plaintiff had not weighed less than 190 pounds since he was 15 or 16 year's old.

By March 8, 2006, the plaintiff was receiving less than 2000 calories per day. According to the plaintiff, a "DOC dietician ordered weekly weighing" but staff refused to follow these orders. *Id*. at 4. In addition, HSU Personnel denied the plaintiff's requests for treatment for various medical conditions, including, but not limited to, numbness in his shoulders, arms, neck and back, ringing in his ears, a foot injury and a broken nose.

**C.     Discussion**

The defendants contend that this action should be dismissed because: (1) the plaintiff has failed to state an individual capacity claim against defendant Frank; (2) the plaintiff has failed to state an official capacity claim against defendant Frank; (3) HSU Personnel, as a state agency, is immune from suit; (4) HSU Personnel is not a "person" for purposes of § 1983; and (5) the plaintiff failed to timely serve any HSU employees.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Illinois*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

4

the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious and to support a § 1983 claim, providing the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). A finding of deliberate indifference requires evidence "that the official was aware of the risk and consciously disregarded it nonetheless." *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (citing *Farmer*, 511 U.S. at 840-42).

5

### 1. Claims Against Defendant Frank

The defendants argue that dismissal is warranted because the plaintiff has failed to state an individual capacity claim against defendant Frank. Specifically, they assert that the plaintiff does not allege that defendant Frank was personally involved in the decision to deny him medical care. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). To be held liable under 42 U.S.C. § 1983, a prison official "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye . . ." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery. *Id.* However, "a prison official's knowledge of prison conditions learned from an inmate's communication can . . . require the officer to exercise his or her authority and take the needed action to investigate, and if necessary, to rectify the offending conditions." *Vance*, 97 F.3d at 993.

In the present case, the plaintiff's claim against defendant Frank hinges on the allegation that Frank was made aware of the plaintiff's problems but did not adequately respond to his requests for assistance. In particular, the plaintiff avers that his complaints fell on "deaf ears." (Compl. at 8). Whether the plaintiff's claim about notifying defendant Frank is true is a question of fact appropriately decided on a motion for summary judgment,

6

not a motion to dismiss the complaint for legal insufficiency. *See, e.g., Leatherman v. Tarrant County Narcotics & Intelligence Coordination Unit*, 507 U.S. 163, 168-69 (1993)(in light of the liberal pleading standard of Rule 8, "federal courts and litigants must rely on summary judgment . . . to weed out unmeritorious claims."). Moreover, since it appears that the plaintiff seeks only injunctive relief, it may be irrelevant whether defendant Frank participated in the alleged violations. *See Ogden v. U.S.*, 758 F.2d 1168, 1177 (7th Cir. 1985)("where injunctive relief as opposed to monetary relief is sought, no 'direct and personal' involvement is required to hold high-level officials responsible for the actions of subordinates and subject them to the equitable jurisdiction of the court.").

The defendants further contend that the plaintiff has failed to state an official capacity claim against defendant Frank because he does not complain that he was injured as a result of a policy or custom. Notably, the plaintiff's failure to allege that he was injured as a result of a policy or custom does not necessarily foreclose an official capacity claim. *See Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001)(stating the Court of Appeals for the Seventh Circuit has not yet decided whether an underlying policy or custom is essential when the relief requested in limited to injunctive relief).

However, in this case, the complaint does not indicate that the plaintiff intended to sue defendant Frank in his official capacity. Rather, the plaintiff alleges facts that demonstrate that he is seeking to impose individual liability on defendant Frank, which supports the inference that he intended to sue Frank in his individual capacity. *See Kentucky*

7

*v. Graham*, 473 U.S. 159, 165-66 (1985)(quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n. 55 (1978))( "Personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state law . . . Official-capacity lawsuits, in contrast, 'generally represent another way of pleading an action against an entity of which an officer is an agent.'"); *see also Lambert v. Broglin*, 1991 U.S. App. LEXIS 25154 (7th Cir. Oct. 17, 1991)(individual capacity suits are presented when a litigant challenges the individual actions of a government employee); *but cf. Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 n. 12 (7th Cir. 1983)(official capacity claim is assumed where the defendant is referred to by his job title).

Inasmuch as the plaintiff did not raise an official capacity claim against defendant Frank at the pleading stage, he may not, at the present time, pursue this cause of action. If, however, the plaintiff wishes to elaborate on his claims against defendant Frank and therefore pursue an official capacity claim, he may do so by filing an amended complaint, which will be discussed below. Accordingly, the defendants' motion to dismiss will be denied as to this claim.

### 2. Claims Against Defendant HSU Personnel

The defendants argue that dismissal is warranted because defendant HSU Personnel, as a state agency, is immune from suit. Under the Eleventh Amendment, neither a state nor its agencies can be sued for money damages in federal court unless the state consents to such a suit, which has not yet occurred in this case, or unless Congress has

8

abrogated the state's sovereign immunity, *Goshtasby v. Bd. of Trustees of the Univ. of Ill.*, 141 F.3d 761, 765 (7th Cir. 1998), which has not happened in regard to § 1983 claims. *Quern v. Jordan*, 440 U.S. 332 (1979). Additionally, neither the state or its agencies, can be sued § 1983 because it is not a "person" suable under that section. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

With the foregoing principles in mind, the court turns to whether defendant HSU Personnel is a proper defendant. Here, the HSU is not a named defendant. Rather, the plaintiff has named as defendants various unidentified *employees* of the HSU. The plaintiff's inability to "state the individual defendants by name, however, does not warrant dismissal of a claim if the allegations in the complaint allow for the specific persons to be subsequently identified with reasonable certainty." *Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 759 (7th Cir. 1988); *Billman v. Indiana Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995)(holding that a complaint is not subject to dismissal for failure to identify defendants at the pleading stage).

Moreover, the plaintiff has indicated that he wishes to use discovery to determine the names of the responsible HSU employees. To this end, this court may allow the case to proceed to discovery against high-level prison administrators with the expectation that they will identify the officials personally responsible. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Indeed, the Court of Appeals for the Seventh Circuit has stated:

9

> Numerous cases in this and other circuits have established that, when the substance of a pro se civil rights complaint indicates the existence of claims against individual officials not specifically named in the caption of the complaint, the district court must provide the plaintiff with an opportunity to amend the complaint. To the extent the plaintiff faces barriers to determining the identities of unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.

*Id.* at 655.

As a final matter, the defendants contend that dismissal of this action is warranted because this court lacks jurisdiction over any HSU employees. Specifically, they assert that the plaintiff failed to timely serve the unidentified employees of the HSU. While the Federal Rules provide that service shall be accomplished within 120 days of the filing of the complaint, unless the plaintiff shows good cause justifying an extension of time, *see* Fed.R.Civ.P. 4(m), no request has yet been made to add new defendants to this action. Thus, the defendants' motion to dismiss the complaint on this ground will be denied.

## II. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

The plaintiff has filed a motion for extension of time in which to file an amended complaint. By order dated November 3, 2006, the plaintiff was advised that he should file an amended complaint by December 10, 2006. Now, the plaintiff asks that he be allowed until January 2007, in which to file an amended complaint because his legal loan has been depleted. Additionally, the plaintiff indicates that he will use discovery to identify the

10

unknown defendants. Because the requested date has passed, the plaintiff's motion for extension of time is moot.

However, for the reasons set forth herein, the plaintiff may seek leave to amend the complaint once discovery has been completed and he has been provided with the names of the unidentified defendants. The plaintiff is advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaints. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Ed. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (Doc. # 25) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend the complaint (Doc. # 20) is **denied as moot.**

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**